IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-111-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANGEL CASTREJON, | ) | |
| | ) | |
| Defendant. | ) | |

On September 28, 2020, Angel Castrejon ("Castrejon" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed exhibits in support [D.E. 461, 462]. On January 27, 2021, Castrejon, through counsel, filed a memorandum and exhibits in support [D.E. 523]. On February 10, 2021, the government responded in opposition [D.E. 528]. As explained below, the court denies Castrejon's motion.

I.

On December 5, 2019, pursuant to a written plea agreement, Castrejon pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (count one), possession with intent to distribute five kilograms or more of cocaine and aiding and abetting (count three), and possession of a firearm in furtherance of a drug trafficking crime (count five). See [D.E. 129, 186, 190]. On May 21, 2020, the court held Castrejon's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 359, 394, 395]. The court calculated Castrejon's total offense level to be 40, his criminal history category to be I, and his advisory guideline range to be 292 to 365 months' imprisonment on counts one and three, and 60

months' imprisonment on count five. See [D.E. 395] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Castrejon to 300 months' imprisonment on counts one and three and 60 months' imprisonment on count five, for a total of 360 months' imprisonment. See [D.E. 394] 3. The court also announced that even if it miscalculated the advisory guideline range, then it would impose the same sentence as an alternative variant sentence. See [D.E. 395] 4. Castrejon did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's

2

application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), petition for cert. filed, (U.S. Sept. 8, 2021) (No. 21-5624); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the

---

       (C)   Family Circumstances.—

            (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

            (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

       (D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

[BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On August 19, 2020, Castrejon submitted a request for compassionate release, which the warden denied on September 1, 2020. See [D.E. 461] 3; [D.E. 461-2]. The government has not invoked section 3582's exhaustion requirement. See [D.E. 528] 3; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Castrejon's claim on the merits.

Castrejon seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Castrejon cites the COVID-19 pandemic, his age (51), and his diabetes, hypertension, high cholesterol, glucose levels, and atelectasis. See [D.E. 461] 5; [D.E. 523] 2, 5; [D.E. 523-2]. Castrejon also cites his release plan. See [D.E. 462].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Castrejon states that

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

he suffers from diabetes, hypertension, high cholesterol, glucose level issues, and atelectasis, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Castrejon serves his sentence. Accordingly, reducing Castrejon's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Castrejon's medical conditions, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Castrejon's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Castrejon is 51 years old and engaged in serious criminal conduct from 2017 to 2019. See PSR [D.E. 325] ¶¶ 20–34. Castrejon distributed at least 274.997 kilograms of cocaine. See id. ¶ 34. Castrejon possessed multiple firearms in furtherance of his drug trafficking activities. See id. ¶¶ 26, 34. Castrejon also maintained a premises for packaging and distributing narcotics and storing drug proceeds. See id. As a manager in the drug trafficking organization, Castrejon coordinated drug deliveries and transportation of drug proceeds between the United States and Mexico. See id. ¶¶ 20–34. Nonetheless, Castrejon had a minimal criminal history before his drug trafficking offense. Cf. id. ¶ 39. The court, however, sentenced Castrejon a mere 17 months ago. See [D.E. 394]. To reduce Castrejon's sentence shortly into his 360-month sentence would minimize the scope of his criminal activity, fail to promote respect for the law, fail to deter criminal conduct, and fail to

6

incapacitate Castrejon. Moreover, the court was aware of Castrejon's health conditions when it sentenced him during the COVID-19 pandemic. Cf. PSR ¶ 50. Castrejon has not shown that the information and circumstances relevant to the section 3553(a) factors have changed in the interim.

The court has considered Castrejon's exposure to COVID-19, his medical conditions, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Castrejon's arguments, the government's persuasive response, and the need to punish Castrejon for his serious criminal behavior, to incapacitate Castrejon, to promote respect for the law, to deter others, and to protect society, the court declines to grant Castrejon's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Castrejon's motion for compassionate release [D.E. 461].

SO ORDERED. This 5 day of October, 2021.

JAMES C. DEVER III
United States District Judge