IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-111-D-2
No. 5:21-CV-493-D

ANGEL CASTREJON, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On November 29, 2021, Angel Castrejon ("Castrejon" or "petitioner") moved pro se under 28 U.S.C. § 2255 for an evidentiary hearing and to vacate his guilty plea and 360-month sentence [D.E. 576]. On January 10, 2022, the United States moved to dismiss Castrejon's section 2255 motion [D.E. 584] and filed a memorandum in support [D.E. 585]. On February 22, 2022, Castrejon responded in opposition to the United States' motion to dismiss [D.E. 592]. As explained below, the court denies in part the United States' motion to dismiss and directs Magistrate Judge Jones to hold an evidentiary hearing on Casterjon's claim that his counsel failed to file a notice of appeal as directed, and grants in part the United States' motion to dismiss and dismisses all other claims in Castrejon's section 2255 motion.

I.

Castrejon was a high-ranking member of the Gulf Cartel with direct contact to cocaine suppliers in Mexico. See Presentence Investigation Report ("PSR") [D.E. 325] ¶¶ 20–34. Castrejon was responsible for distributing at least 274.99 kilograms of cocaine from 2017 to February 10, 2018. See id. at ¶ 34. In order to protect his drug enterprise, Castrejon possessed several high powered firearms.

Id. And Castrejon was highly sophisticated, using burner phones and other means to evade law enforcement. See id. at ¶¶ 20–33. On December 5, 2019, pursuant to a written plea agreement and after a thorough Rule 11 colloquy, Castrejon pleaded guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (count one), possession with the intent to distribute 5 kilograms or more of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count three), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count five). See [D.E. 129, 190, 582]. On May 21, 2020, the court held Castrejon's sentencing hearing and adopted the facts set forth in the PSR. See Sent. Tr. [D.E. 563]; see also [D.E. 325, 394, 395]. The court calculated Castrejon's total offense level to be 40, his criminal history category to be I, and his advisory guideline range to be 292 to 365 months' imprisonment. See Sent. Tr. at 7–8; [D.E. 325] ¶ 76. After thoroughly considering the arguments of counsel, Castrejon's statement, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Castrejon to 300 months' imprisonment on count one and count three to run concurrently and 60 months' consecutive imprisonment on count five, for a total of 360 months' imprisonment. See Sent. Tr. at 18–21; [D.E. 394] 3. The court also announced that even if the court miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See Sent. Tr. at 22; [D.E. 395] 4. Castrejon did not appeal.

II.

In Castrejon's section 2255 motion, he argues that his appointed and retained trial counsel were ineffective by: (1) failing to file an appeal as instructed; (2) constructively denying him a right to counsel under United States v. Cronic, 466 U.S. 648 (1984); (3) violating the American Bar Association rules of professional conduct; (4) providing no advocacy during plea bargaining; (5) failing to

2

investigate the case before he pleaded guilty; (6) failing to investigate the case and present mitigation evidence during sentencing; (7) lack of advocacy during plea negotiations; (8) failing to challenge the translation or qualifications of the courtroom interpreter; and (9) depriving him of a fair process through cumulative errors.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. Pro. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

3

A.

Castrejon argues that his appointed and retained trial counsel were ineffective by failing to file an appeal as instructed. See [D.E. 576] 1. The Sixth Amendment imposes a duty upon "counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 880–81 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 139 S. Ct. at 746–50; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland v. Washington, 466 U.S. 668, 691–96 (1984). A party does so by showing there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant claims counsel performed deficiently by failing to file a notice of appeal, a defendant shows prejudice by "demonstrat[ing] that there is a reasonable probability that, but for counsel's deficient failure . . . he would have timely appealed." Flores-Ortega, 528 U.S. at 484. The court presumes prejudice when a defendant loses an

4

opportunity to appeal that he would have taken but for counsel ignoring a defendant's express instructions to file a notice of appeal. See Garza, 139 S. Ct. at 749–50; Flores-Ortega, 528 U.S. at 484–86.

Construing the evidence in the light most favorable to Castrejon, genuine issues of material fact exist concerning the substance of Castrejon's consultations with his two retained lawyers about filing a notice of appeal. See Garza, 139 S. Ct. at 746–50; Flores-Ortega, 528 U.S. at 480; United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished). The court directs Magistrate Judge Jones to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See, e.g., Toney v. United States, Nos. 5:16-CR-12-D-5, 5:21-CV-221-D, 2022 WL 866303 (E.D.N.C. Mar. 7, 2022) (unpublished), report and recommendation adopted, 2022 WL 855285 (E.D.N.C. Mar. 22, 2022) (unpublished); Diaz v. United States, Nos. 7:09-CR-100-D, 7:11-CV-43-D, 2014 WL 7384974 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126-D, 7:10-CV-69-D, 2013 WL 5222160 (E.D.N.C. Aug. 27, 2013) (unpublished), report and recommendation adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished). The court requests Judge Jones to assess Castrejon's credibility at the hearing. If Judge Jones determines that Castrejon committed perjury at the hearing concerning his discussions with his former retained lawyers regarding an appeal, the memorandum and recommendation should so state. Thus, the court denies in part the United States' motion to dismiss.

B.

Castrejon argues that his appointed and retained trial counsel were ineffective by (1) constructively denying him a right to counsel under Cronic; (2) violating the American Bar Association rules of professional conduct; (3) providing no advocacy during plea bargaining; (4) failing to investigate the case before he pleaded guilty; (5) failing to investigate and present mitigation evidence

5

during sentencing; (6) lack of advocacy during plea negotiations; (7) failing to challenge the translation or qualifications of the courtroom interpreter; and (8) depriving him of a fair process through cumulative errors.

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Castrejon must show that his lawyers' performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland, 466 U.S. at 687–91.

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

6

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Id. "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

As for Castrejon's claim under Cronic, Castrejon does not plausibly allege ineffectiveness. Castrejon ignores that counsel is presumed to have rendered effective assistance, that a party asserting an ineffective assistance claim must demonstrate a constitutional violation, and that simply asserting an ineffective assistance claim and listing case examples does not suffice to show constitutionally ineffective performance. See, e.g., Cronic, 466 U.S. at 666 (holding that a criminal defendant can "make out a claim of ineffective assistance only by pointing to specific errors made by trial counsel" in the case; mere generalized complaints about counsel are not sufficient); Lenz v. Washington, 444 F.3d 295, 302–04 (4th Cir. 2006); United States v. Stewart, 256 F.3d 231, 246 (4th Cir. 2001); United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990).

The performance of Castrejon's appointed and retained counsel was not deficient. The record belies Castrejon's Cronic claim and demonstrates that Castrejon's lawyers performed reasonably. See Rule 11 Tr. [D.E. 582] 20, 35–36; Sent. Tr. at 5–10, 17. Thus, this claim fails as to performance. See Strickland, 466 U.S. at 689; Cronic, 466 U.S. at 662–67.

7

As for Castrejon's claim that his lawyers violated the American Bar Association rules of professional conduct, [D.E. 576-1] 1, Castrejon fails to cite a specific rule or provide any supporting facts. Because Castrejon makes only conclusory allegations, this claim fails. See Twombly, 550 U.S. at 555–63, 570; Iqbal, 556 U.S. at 677–78.

Alternatively, the American Bar Association rules of professional conduct and the Sixth Amendment right to counsel are not the same. "Prevailing norms of practice [such as American Bar Association rules of professional conduct] are guides to determining what is reasonable, but they are only guides." Strickland, 466 U.S. at 688. Counsel's alleged violation of the American Bar Association rules of professional conduct is not dispositive of a Sixth Amendment violation. See id.; see also Nix v. Whiteside, 475 U.S. 157, 165 (1986) (holding that a "breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel"). Therefore, even if counsel violated some unspecified American Bar Association rule of professional conduct, such a violation does not necessarily mean that Castrejon's lawyers provided ineffective assistance of counsel and violated the Sixth Amendment. Thus, this claim fails as to performance.

As for Castrejon's claims that his lawyers were ineffective by failing to investigate the case or provide proper advice or advocacy during plea bargaining, Castrejon's sworn statements during his Rule 11 hearing contradict these claims, and Castrejon's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." Lemaster, 403 F.3d at 221. Therefore, "in the absence of extraordinary circumstances, allegations in a [section] 2255 motion that directly contradict petitioner's sworn statements made during

8

a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false[.]'" United States v. Morgan, 284 F. App'x 79, 87 (4th Cir. 2008) (unpublished) (per curiam) (quoting Lemaster, 403 F.3d at 221).

Castrejon affirmed under oath at his Rule 11 hearing that he was "completely and fully satisfied with" his lawyers' services. Rule 11 Tr. at 14–16, 34. The court read Castrejon all charges of the superseding criminal information. See id. at 21–28. Castrejon affirmed that he read the plea agreement, discussed the plea agreement with his lawyers, and understood each term in the plea agreement before signing the plea agreement. See id. at 36. Castrejon also affirmed that he had discussed his case with his lawyers and was satisfied with his lawyers' performance. See id. at 14–16, 34. Castrejon affirmed that no one had threatened him or anyone else or forced him in any way to plead guilty. See id. at 35. Castrejon affirmed that he had committed and was, in fact, guilty of counts one, three, and five of the superseding criminal information. See id. at 41. The United States then provided an extensive factual basis for each count. See id. at 42–51. Castrejon did not object to the United States' proffer, and the court accepted the factual basis for Castrejon's guilty plea. See id. at 51. Accordingly, Castrejon's guilty plea was knowing and voluntary, and Castrejon was satisfied with the investigation of his lawyers and his lawyers' advice. The court accepted Castrejon's guilty plea with a proper factual basis. See id. at 51.

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." Strickland, 466 U.S. at 691. "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant," including defendant's admission of guilt. Id. In light of Castrejon's admission of guilt to all three changes and the overwhelming amount of evidence that the government had amassed

9

against Castrejon, Castrejon's claims concerning his lawyers' investigation and advice during plea bargaining fail as to performance and prejudice.

As for Castrejon's claim that his lawyers conducted an inadequate investigation before sentencing and failed to present mitigation evidence at sentencing, Castrejon has not plausibly alleged what an adequate investigation would have revealed. When alleging inadequate investigation at sentencing, a defendant "cannot establish ineffective assistance of counsel under Strickland v. Washington on the general claim that additional [evidence] should have been [presented] in mitigation." Bassette v. Thompson, 915 F.2d 832, 940–41 (4th Cir. 1990); see Briley v. Bass, 750 F.2d 1238, 1248 (4th Cir. 1984). Thus, Castrejon's claim concerning his lawyers' sentencing investigation and presentation fails as to performance.

Alternatively, Castrejon's lawyers provided mitigation evidence at sentencing, such as Castrejon's age, health issues, possibility of deportation, and family in Mexico. See Sent. Tr. at 9–10. Moreover, the court specifically considered this mitigating evidence and "the history and characteristics of the defendant." Id. at 18. Thus, because Castrejon's lawyers presented mitigation evidence at sentencing and because the court considered this mitigating evidence and Castrejon's history and characteristics, this claim fails as to performance. See Strickland, 466 U.S. at 687–91.

Alternatively, Castrejon's claim concerning his lawyers' sentencing investigation and presentation fails as to prejudice. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); Glover, 531 U.S. at 203–04; United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

10

Castrejon simply alleges that his lawyers failed to conduct an adequate investigation before sentencing and failed to effectively advocate for him at sentencing. The record, however, demonstrates that Castrejon's lawyers answered any questions that Castrejon had before sentencing and that Castrejon and his lawyers "talked extensively prior to the presentence investigation." Sent. Tr. at 5–6. Moreover, the court continued the sentencing hearing until later in the day so that Castrejon could consult even more with his lawyers. Id. Furthermore, at sentencing, his lawyers argued for a reduced sentence while recognizing that Castrejon was a major, high-ranking member of the Gulf Cartel. See id. at 9–10, 17–18. Thus, Castrejon has not plausibly alleged deficient performance, and the claim fails.

Alternatively, Castrejon has not plausibly alleged that he was prejudiced by his lawyers' performance at sentencing. As mentioned, the court announced that it would impose the same 360-months sentence as an alternate variant sentence pursuant to 18 U.S.C. § 3553(a). See [D.E. 395] 4. This court's alternate variant sentence defeats any claim that his lawyers' performance at sentencing prejudiced Castrejon. See Sent. Tr. at 22; see also United States v. Hargrove, 701 F.3d 156, 161–63 (4th Cir. 2012); United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006). Accordingly, Castrejon's ineffective assistance of counsel claims concerning sentencing fail. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

As for Castrejon's claim concerning the interpreter, "court interpreters are entitled to a presumption that they execute their official duties with propriety, accuracy, and integrity." Michel v. United States, 849 F. Supp. 2d 649, 656–57 (W.D. Va. 2021) (collecting cases). A defendant "must adduce specific evidence" to rebut this presumption. Id. at 657. Castrejon's sworn statements contradict his claim that his lawyers should have objected to the interpreter at the Rule 11 hearing or the sentencing hearing. See Rule 11 Tr. 3, 4, 20; Sent. Tr. at 2–4. Castrejon could have objected that

11

the interpreter, who was present at each stage of the proceedings, was deficient. But Castrejon did not. Furthermore, Castrejon does not plausibly allege that he told his lawyers about any interpreter issues or that his lawyers were aware of any interpreter issues. See Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir. 1989) (Powell, Ret. J., sitting by designation) (affirming denial of a section 2255 petition alleging interpreter inadequacy because "[t]o allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse"). And although Castrejon states in a conclusory manner that the interpreters were unqualified, the interpreters were federally certified. Thus, this claim fails. See Strickland, 466 U.S., 689; Beyle v. United States, 269, F. Supp. 3d 716, 728–31 (E.D. Va. 2017); Umar v. United States, 161 F. Supp. 3d 366, 385–87 (E.D. Va. 2015).

As for Castrejon's cumulative error claim, "legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error, not the cumulative effect of all of counsel's actions deemed deficient." Fisher v. Angelone, 163 F.3d 835, 852 n.9 (4th Cir. 1998) (emphasis added). Therefore, the court cannot cumulatively assess the actions of Castrejon's lawyers that are not individually unconstitutional to create a constitutional violation. Id. Because Castrejon has not established deficient performance or prejudice individually for any of his claims, he cannot establish cumulative error based on any of his claims. Thus, the claim fails.

After reviewing the claims resolved in this order, the court finds that reasonable jurists would not find the court's treatment of Castrejon's claims resolved in this order debatable or wrong. Accordingly, the court denies a certificate of appealability as to those claims. See 28 U.S.C. § 2253©; Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court DENIES IN PART respondent's motion to dismiss [D.E. 584] and REFERS petitioner's claim that counsel failed to file an appeal to Judge Jones for a prompt evidentiary hearing and a memorandum and recommendation. The court GRANTS IN PART respondent's motion to dismiss [D.E. 584], DISMISSES all other claims in petitioner's section 2255 motion [D.E. 576], and DENIES a certificate of appealability as to the dismissed claims.

SO ORDERED. This 7 day of September, 2022.

JAMES C. DEVER III
United States District Judge

13